UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No:

| | |
|---|---|
| WHITMAN PARTNERS, INC. | ) |
|     Plaintiff | ) |
| v. | ) |
| STEWARD HEALTH CARE SYSTEM, LLC d/b/a ST. ELIZABETH'S MEDICAL CENTER, and | ) ) |
| STEWARD ST. ELIZABETH'S MEDICAL CENTER OF BOSTON, INC. | ) |
|     Defendant | ) |
| BANK OF AMERICA | ) |
|     Trustee | ) |

## COMPLAINT

## INTRODUCTION

The Plaintiff, Whitman Partners, Inc. ("Whitman"), seeks to recover damages for the Defendant's, Steward Health Care System, LLC d/b/a St. Elizabeth's Medical Center of Boston ("St. Elizabeth's" is sometimes written in this Complaint when referring solely to the d/b/a, and "Steward" is used in this Complaint when referring to the whole name), breach of contract in failing to pay for the staffing services that Whitman provided to Steward.

## PARTIES

1. The Plaintiff, Whitman, is a company with a principal place of business in Oregon.

2. The Defendant, Steward, is a company with a principal place of business at 1900 N. Pearl Street, Suite 2400, Dallas, Texas 75201. Steward does business as St. Elizabeth's Medical Center which is located at 736 Cambridge Street, Brighton, MA 02135.

3. The Defendant, Steward St. Elizabeth's Medical Center of Boston, Inc. (sometimes referred to herein as "St. Elizabeth's of Boston, Inc."), has a principal place of business at 1900 Pearl Street, Suite 2400, Dallas, TX 75201.

4. The Trustee, Bank of America, does business in Massachusetts and holds or held funds of the Defendants.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the case pursuant to 28 U.S.C. §1332 as there is a diversity of Citizenship between the Plaintiff and Defendants. The Plaintiff was neither incorporated nor has its principal place of business in the same state as any of the Defendants. The amount in controversy in this case exceeds $75,000.00.

6. Venue in this District is proper pursuant to 28 U.S.C. § 1391 (b)(2) as a substantial part of the events giving rise to this Complaint occurred in this District, and St. Elizabeth's and St. Elizabeth's of Boston, Inc. are located in this District.

## FACTS

### A. Facts Related to the Contract Between the Parties

7. Whitman provides permanent and interim employment and staffing services ("staffing services") for surgery centers and hospitals. For example, Whitman staffs hospitals with directors and managers of surgical services, managers of perioperative education, and sterile processing managers.

8. From approximately January of 2022 until August of 2023, pursuant to a series of contracts and extensions (collectively, the "Agreement"), Whitman provided staffing services to Steward at St. Elizabeth's after Steward hired Whitman to fill seven of the above kinds of positions. A copy of the documents comprising the Agreement are attached as Exhibit 1.

9. Throughout the course of their dealings together, Steward had always been a slow payer, and, on multiple occasions in the past, had stopped paying for Whitman's staffing services. Steward would only resume payment when Whitman indicated they would cease work unless paid. See Exhibit 2, Affidavit of Employee of Whitman.

10. Steward breached the terms of the Agreement with Whitman by failing to make payment when due. As result, Steward now owes Whitman $441,579.73 not including certain interest, costs, and attorney's fees.

11. In response to Whitman's attempts to receive payment from Steward, the CFO of Steward, David Callum, stated that Steward was working to sell a hospital in New Mexico and until that sale closed, money would be very tight. Once the sale did close,

    Steward told Whitman that money was not yet flowing because Steward had decided to refinance its debt, and that the money that Steward owed to Whitman would stay locked up until financing was complete.

12. To date, Steward has not provided Whitman with an update on how the alleged financing went.

B. **Facts Related to the Relationship Between the Defendant Entities**

13. St. Elizabeth's is not a corporation or any other kind of business entity with limited liability, nor did Steward disclose to Whitman that St. Elizabeth's Medical Center was a separate corporation or LLC. St. Elizabeth's Medical Center, as the name is used in the Agreement, contains no "Inc." or "LLC" after the name, or any other designation indicating that St. Elizabeth's Medical Center is anything other than a d/b/a or trade name.

14. Steward owns St. Elizabeth's, and, upon information and belief, has 100% ownership and control of St. Elizabeth's. See Exhibit 3 for a list of hospitals owned by Steward.

15. Steward, upon information and belief, also owns St. Elizabeth's of Boston, Inc..

16. Steward owns the copy right on St. Elizabeth's website.

17. Whitman did not learn of the existence of St. Elizabeth's of Boston, Inc. until counsel for Whitman was preparing the Complaint in this case. When Whitman's counsel searched the Massachusetts Secretary of State's website, he found no entity listed as St. Elizabeth's Medical Center, and only found St. Elizabeth's of Boston, Inc.

18. Upon information and belief, Steward has kept both St. Elizabeth's and St. Elizabeth's of Boston, Inc. undercapitalized and insolvent.

19. All the payments that were made to Whitman for the staffing services were made by Steward. Steward has the final say in which bills of St. Elizabeth's get paid. All communications regarding payment for amount owed to Whitman were between Whitman and Steward. See Exhibit 2 Affidavit of Employee of Whitman.

C. **Facts Related to Steward's Breach of Settlement Agreement**

20. On December 20, 2023, counsel for Steward, Eugene Sullivan, after receiving notice from Whitman's Counsel, Joseph Perl, that Whitman intended to file a lawsuit if payment

was not made within ten days, reached out to Mr. Perl to set up a phone call to discuss the matter. Mr. Sullivan and Mr. Perl set up a call for the next day, December 21. During the call, Mr. Sullivan asked Mr. Perl to send invoices for Whitman's services and that he would get these paid subject to Steward's review of the invoices.[1] Mr. Perl then sent the invoices to Mr. Sullivan. A copy of the invoices, including a statement of account and accounting of interest, are attached as Exhibit 4. Mr. Sullivan later, in a follow up email on December 29, 2023, offered for Steward to pay off the invoices with a payment of $125,000.00 by the end of each month starting from the end of January until the end of April, 2024, with a payment of the balance being made in May of 2024. Whitman accepted this offer. At all times, Mr. Sullivan was acting on behalf of Steward, and Steward's name and address appear underneath Mr. Sullivan's name in the signature line of several of the emails. A copy of the emails between Mr. Sullivan and Mr. Perl which formed the settlement are attached as Exhibit 5. See also Exhibit 6, Affidavit of Joseph Perl.

21. After making two payments under the Settlement Agreement, Steward stopped making payments and refused to cure their default despite multiple follow up requests from Whitman for a status on payment.

22. The balance currently due, after applying the two payments made, is $441,579.73 which does not include all interest accrued, and does not include costs, and attorney's fees.

## CAUSES OF ACTION

### COUNT 1. BREACH OF CONTRACT

23. Steward defaulted under the Agreement that it had with Whitman by failing to pay for Whitman's services when due, and Whitman sustained damages as a result.

24. St. Elizabeth's, as a trade name/ d/b/a of Steward, or, in the alternative, as the alter ego of Steward, also owes the above amount to Whitman. St. Elizabeth's of Boston is also liable to Whitman for unjust enrichment as the alter ego of Steward.

### COUNT 2. BREACH OF CONTRACT, SETTLEMENT AGREEMENT

25. Steward entered into a binding settlement agreement with Whitman by agreeing to pay for the amount stated on Whitman's invoices. The settlement was formed both by phone and email. Steward then breached the settlement agreement by failing to ever follow up with Whitman in response to Whitman's having sent a separate settlement agreement to

---

[1] Whitman had previously sent these same invoices to Steward.

memorialize the settlement that the parties entered into.

## COUNT 3. UNJUST ENRICHMENT

26. Whitman provided a benefit to Steward by providing Steward with a staff of qualified medical professionals for an extended period of time, and Whitman has reasonable expectation of payment as a result.

27. St. Elizabeth's, as a trade name and d/b/a of Steward, or, in the alternative, as the alter ego of Steward, also is liable to Whitman for unjust enrichment. St. Elizabeth's of Boston is also liable to Whitman for unjust enrichment as the alter ego of Steward.

## COUNT 4. TRUSTEE PROCESS

28. Whitman seeks an attachment by trustee process on all accounts held by the Defendants at Bank of America, as well as any other bank later discovered, until all amounts owed to Whitman are paid in full.

WHEREFORE, the Plaintiff seeks that the Court:

1) Enter judgment against the Defendants in the amount of $441,579.73 with interest, costs, and reasonable attorney's fees;

2) Enter judgment ordering that Bank of America, and any other bank where the Defendants hold funds, be charged as trustee for all amounts held for the Defendants until the amount due to the Plaintiff is paid in full.

Respectfully Submitted,

/s/ Joseph Perl
Attorney for Plaintiff
B.B.O. 680509
203 Arlington St., Suite 2
Watertown, MA 02472
781-704-7047
April 23, 2024